# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

| | |
|---|---|
| **Debtor:** | MCMAHON'S STEAKHOUSE, LLC |
| **Case Number:** | 4:14-BK-01281-BMW   **Chapter:** 7 |
| **Date / Time / Room:** | THURSDAY, MAY 28, 2015 02:00 PM   COURTROOM 446 |
| **Bankruptcy Judge:** | BRENDA M. WHINERY |
| **Courtroom Clerk:** | CINDY TURNBULL |
| **Reporter / ECR:** | ANN MARIE VENTURA |

## Matter:

EXPEDITED HEARING ON MOTION TO SET ASIDE ORDER CONVERTING CASE TO CHAPTER 7 FILED BY UNITED STATES TRUSTEE FILED BY SCOTT D. GIBSON OF LAW OFFICE OF SCOTT D. GIBSON, PLLC ON BEHALF OF MCMAHON'S STEAKHOUSE, LLC .

**R / M #:**   92 / 0

## Appearances:

GAYLE ESKAY MILLS, TRUSTEE
SCOTT D. GIBSON, ATTORNEY FOR MCMAHON'S STEAKHOUSE, LLC
ADAM B. NACH, ATTORNEY FOR GAYLE ESKAY MILLS
CHRISTOPHER J. DYLLA, ATTORNEY FOR A.D.O.R.
JON SAFFER, ATTY FOR ALLIANCE BANK
SALLY DARCY, ATTY FOR CHRIS LINSCOTT, CHAPTER 11 TRUSTEE IN MCMAHON PROPERTIES
ELIZABETH AMOROSI, ATTY FOR THE U. S. TRUSTEE
ISAAC GABRIEL, ATTY FOR REWARDS NETWORK

Page 1 of 3

Case 4:14-bk-01281-BMW   Doc 108   Filed 05/28/15   Entered 06/06/15 08:23:42   Desc
Main Document   Page 1 of 3   06/06/2015   8:23:26AM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   4:14-BK-01281-BMW         THURSDAY, MAY 28, 2015 02:00 PM

## *Proceedings:*

MR. GIBSON STATES THE ISSUE WAS THE PAYMENT OF THE U. S. TRUSTEE'S FEES. HE HAD A STIPULATION WITH THE U. S. TRUSTEE THAT THE DEBTOR WOULD PAY THE FIRST AND SECOND QUARTER, 2014 FEES BY MARCH 31, 2015 AND THE THIRD AND FOURTH QUARTER 2014 FEES BY APRIL 30,2015, WITH A 10-DAY GRACE PERIOD ON EACH OF THOSE. THOSE WERE PAID, AND PROOF OF PAYMENT WAS PROVIDED. HE RENDERS AN UPDATE. HE TRIED TO CONTACT THE U. S. TRUSTEE TO MAKE SURE THEY HAD CONFORMED TO THE AGREEMENT, BUT THERE WAS NO RESPONSE. HE FEELS HE HAS COMPLIED WITH THE STIPULATION. HE HAS CHECKS IN HAND FOR THE FIRST QUARTER, 2015, BUT THAT WASN'T PART OF THE AGREEMENT.

COURT: THE AGREEMENT FROM THE MARCH 4TH HEARING IS REVIEWED WITH COUNSEL. THE FEES FOR THE FIRST QUARTER, 2015 WERE TO BE
PAID BY APRIL 30, 2015.

MR. GIBSON STATES HE DOESN'T FEEL THAT WAS THE AGREEMENT. HE HAS THE CHECK WITH HIM TODAY TO PAY THOSE FEES. HE HASN'T BEEN BILLED YET FOR THE FIRST QUARTER, 2015.

MS. AMOROSI STATES THE AGREEMENT WAS FOR THE FIRST QUARTER FEES FOR 2015 TO BE PAID BY APRIL 30, 2015. THE DEBTOR WAS BILLED FOR THESE FEES ON APRIL 2, 2015 AND AGAIN ON MAY 7, 2015. SHE HAS NOTHING MORE TO ADD.

MR. GIBSON RESPONDS. HE ALSO DISCUSSES THE DISCLOSURE STATEMENT.

COURT: THE DEBTOR WAS TO HAVE SUBMITTED A RED-LINED AMENDED DISCLOSURE STATEMENT WITHIN 15 DAYS OF APRIL 9, 2015, AND THE REDLINE STILL HAS NOT BEEN SUBMITTED.

MR. GIBSON EXPLAINS WHY THIS HAS NOT BEEN DONE.

COURT: THE TERMS OF THE AGREEMENT WERE AGREED TO AND PUT ON THE RECORD. THIS IS THE END OF MAY AND THE FEES HAVE NOT BEEN PAID.

MR. GIBSON RESPONDS.

MR. SAFFER STATES HE HAS FILED HIS OWN MOTION TO CONVERT WITH NO RESPONSE. HIS CLIENT IS NOT GETTING PAID. THE ADMINISTRATIVE RENT IS NOT BEING PAID, EMPLOYEE TRUST FUND TAXES ARE NOT BEING PAID. THE CASE SHOULD REMAIN AS A CHAPTER 7.

MR. GABRIEL STATES THE CASH COLLATERAL ORDER EXPIRED ON MAY 1, 2015. THE DEBTOR PUT A PAYMENT STOP ON THE PAYMENTS DUE HIS CLIENT. HIS CLIENT REVOKED THE USE OF CASH COLLATERAL LAST WEEK. THE DEBTOR HAS CONTINUED TO USE CASH COLLATERAL, AND IS IGNORING THE CODE. THERE IS NO AGREEMENT TO USE CASH COLLATERAL.

MR. GIBSON RENDERS COMMENTS.

MR. DYLLA STATES AN AGREEMENT WAS REACHED WHERE THE DEBTOR WAS REQUIRED TO MAKE A PAYMENT ON MAY 1, 2015. A STIPULATION WAS SENT TO MR. GIBSON, BUT IT NEVER CAME BACK. NO PAYMENT WAS MADE ON MAY 1. ADOR STILL HAS AN $82,000 ADMINISTRATIVE CLAIM.

MR. GIBSON STATES HE DOESN'T DISAGREE WITH THAT. IF THE DEBTOR IS ALLOWED TO CONTINUE TO OPERATE, THE STIPULATION WITH ADOR WILL BE SIGNED.

COURT: THERE HAVE BEEN NUMEROUS HEARINGS IN THIS CASE. THERE IS NO CONFIRMED PLAN. THE DEBTOR HAS AGREED WITH ADOR AND THE U. S. TRUSTEE, AND THE AGREEMENTS WERE TO BE FILED WITH THE COURT, AND THEY WERE NOT COMPLIED WITH NOR FILED WITH THE COURT. RULE 59 IS DISCUSSED. THE COURT DOESN'T HAVE ANY OF THOSE FACTORS IN THIS CASE. FURTHER DISCUSSION IS HELD WITH COUNSEL. THERE IS NO BASIS TO GRANT THE MOTION. THE COURT WILL DENY THE MOTION AND THIS CASE WILL REMAIN AS A CHAPTER 7.

MR. GIBSON REQUESTS 48 HOURS TO REMOVE PERISHABLES AND LIQUOR.

COURT: DISCUSS THAT WITH MS. MILLS.

MR. GABRIEL STATES HIS CLIENT ASSERTS THE FIRST LIEN ON THE PERISHABLES, LIQUOR, ETC. HE HAS A PENDING AGREEMENT WITH MS. MILLS, AND HE DOES NOT CONSENT TO THE DEBTOR'S REMOVAL OF ANYTHING, NOR TO ANY FURTHER WITHDRAWALS FROM THE DEBTOR'S BANK ACCOUNT, USE OF CASH, PAYMENT OF PAYROLL, ETC.

Page 2 of 3

Case 4:14-bk-01281-BMW   Doc 108   Filed 05/28/15   Entered 06/06/15 08:23:42   Desc
Main Document   Page 2 of 3                                    06/06/2015   8:23:26AM

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...    4:14-BK-01281-BMW             THURSDAY, MAY 28, 2015 02:00 PM

MR. NACH STATES HE HAS DISCUSSED THIS WITH MR. GABRIEL ON HOW TO SECURE AND LIQUIDATE THE ASSETS. HE WANTS MR. GIBSON TO REQUEST MR. MCMAHON TO COOPERATE WITH THE TRUSTEE. THE LOCKS WILL BE CHANGED TODAY, AND THE BANK ACCOUNTS HAVE BEEN FROZEN.

MR. GIBSON STATES HE WILL CONTACT MR. NACH AND WILL COMPLY WITH HIS REQUESTS.

MS. MILLS STATES MR. GIBSON HAS INDICATED HE HAS CHECKS IN HAND, AND SHE REQUESTS THAT THOSE BE TURNED OVER TO HER TODAY.

MR. GIBSON STATES HE WILL DO SO.

Case 4:14-bk-01281-BMW    Doc 108    Filed 05/28/15    Entered 06/06/15 08:23:42    Desc
Main Document    Page 3 of 3    06/06/2015  8:23:26AM