**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Adam B. Nach - 013622
Email: adam.nach@lane-nach.com
Allison M. Lauritson – 022185
Email: allison.lauritson@lane-nach.com

Attorney for Gayle Eskay Mills, Case Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MCMAHON'S STEAKHOUSE, LLC,<br><br>Debtor. | (Chapter 7 Case)<br><br>No. 4:14-bk-01281-BMW<br><br>**STIPULATED APPLICATION TO ALLOW PAYMENT OF REWARDS NETWORK ESTABLISHMENT SERVICES, INC. CLAIMS** |

Gayle Eskay Mills, Chapter 7 Trustee ("**Trustee**"), and Rewards Network Establishment Services, Inc. ("**Rewards Network**")(collectively the "**Parties**") by and through their respective attorneys undersigned, and pursuant to 11 U.S.C. §§362, 363 and 506 herein apply to this Court for an Order approving the stipulation to allow Reward Network's to receive payment of $30,000 from its Cash Collateral. For their Stipulated Application, the Parties present the following Memorandum of Points and Authorities:

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

1. This case was commenced by voluntary petition filed by the Debtor originally under Chapter 11 on January 31, 2014 ("**Petition Date**"), which case converted to Chapter 7 on May 20, 2015 ("**Conversion Date**").

2. Trustee is the duly qualified and acting trustee in this case.

3. On January 31, 2014, Metro Restaurants, Inc. filed a Chapter 11 petition, Case No. 4:14-bk-01278-BMW ("**Metro**"). The Metro case converted to Chapter 7 on October 17, 2014.

4. On January 31, 2014, Old Pueblo Grill, LLC filed a Chapter 11 petition, Case No. 4:14-bk-

Case 4:14-bk-01281-BMW    Doc 113    Filed 07/20/15    Entered 07/20/15 13:42:30    Desc
Main Document    Page 1 of 7

01283("**OPB**").  The OPB case converted to Chapter 7 on May 20, 2015.

5. Trustee is also the duly qualified and acting trustee in both the Metro case and the OPB case.

6. Pursuant to Order dated February 18, 2014, the Court granted the Motion to Jointly Administer the bankruptcy cases of Debtor, Metro and OPB [DE #23 - Metro case], and directed that all pleadings for the Metro, Debtor and OPB cases be filed in the Metro case.

7. Pursuant to the Schedules of Assets and Liabilities ("**Schedules**") filed in this case, as of the Petition Date, Debtor scheduled an obligation owed to Rewards Network in the amount of $82,720.00 (*See* Schedule "F" [DE #31]). While the amount is listed as an unsecured obligation on Schedule F, the Debtor, OPB, and Metropolitan Grill, LLC (collectively, the "**Restaurant Debtors**"), subsequently stipulated that (i) Rewards Network is a secured creditor in each of the Restaurant Debtors' cases, with a first priority security interest in each of the Restaurant Debtors' personal property, including but not limited to all personal property, fixtures, equipment, artwork, inventory, deposits, liquor licenses, accounts receivable and deposit accounts, and (ii) that each of the Restaurant Debtors (and other non-debtor affiliates) were jointly and severally liable for all of the outstanding obligations owing for the entire affiliate group to Rewards Network. *See Agreed Order: (I) Authorizing Debtors' Limited Use Of Cash Collateral, And (II) Granting Postpetition Replacement Liens And Adequate Protection* (the "**Agreed Cash Collateral Order**") entered at DE No. 94 in Case No. 4:14-bk-01278-BMW, Metro Case.

8. Rewards Network filed Proof of Claim No. 12 in the McMahon's Steakhouse case, and subsequently amended the amount of such claim, asserting a secured claim arising from its security interest in the assets of both Debtor and OPB (among others), pursuant to the Agreements (as that term is defined in the Agreed Cash Collateral Order and hereinafter referred to as the "**Rewards Agreements**"). In Amended Claim No. 12, after application of various adequate protection payments received by Rewards Network and a payment received by an obligated third party, Rewards Network asserts it is owed at least $66,332.01, plus additional accrued and accruing attorneys' fees incurred in the Debtors bankruptcy cases ("**Rewards Network Claim**"). The Rewards Network Claim shall be capped at $66,000.00 in the aggregate (i.e., as a joint and several claim against the Debtor and OPB), in both this case and in the OPB case, for purposes of this Agreement unless there is litigation regarding this Agreement or the amount of the Rewards Network Claim or validity of its liens, and upon such event, the

2

Rewards Network Claim may include additional interest, fees, costs and reasonable attorneys' fees and costs, subject to review by any interested party.

9. Rewards Network asserts that Debtor and OPB, are jointly and severally liable to pay its secured obligation, and the Debtor and OPB stipulated to this fact in the Agreed Cash Collateral Order.

Rewards Network also asserts a first priority lien and security interests in various assets of the Debtor, including:

a. Cash of the Debtor in checking and savings accounts, including debtor-in-possession accounts, now known to be in the approximate amount of $51,000, which is being held by Bank of the West ("**Cash**");

b. Furniture, Fixtures and Equipment of the Debtor ("**Equipment**") with a combined scheduled value of $20,000.00, (*See* Schedule "B", #29 [DE #31]);

c. Food and Liquor Inventory of the Debtor (collectively "**Inventory**") with a combined scheduled value of $124.113.00, (*See* Schedule "B", #30 [DE #31]);

d. Artwork of the Debtor, pursuant to Schedule B #5, with a value of $40,247.35 ("**Artwork**") (*See* Schedule "B", #5 [DE #31]); and

e. Accounts Receivable of the Debtor due from Metropolitan Grill ("**Accounts Receivable**") in the scheduled value of $8,003.04, (*See* Schedule "B", #16 [DE #31]).

10. Debtor did not disclose ownership of a liquor license in the Schedules; however pursuant to the records of the Arizona Department of Liquor Licenses and Control, Debtor owns two liquor licenses #07100274 and #12103308 ("**Liquor Licenses**").

11. The Equipment, Inventory, Artwork, Accounts Receivable and Liquor License are collectively referred to as the "**Personal Property Collateral**".

12. Pursuant to various stipulated orders for the use of cash collateral between Debtor and Rewards Network [including the Agreed Cash Collateral Order at DE #94 and DE #130 (*Metro case docket*); DE #71 (*this case docket*)], the Bankruptcy Court has determined that Rewards Network held and holds valid and perfected security interests in the Personal Property Collateral and all proceeds thereof (collectively "**Rewards Collateral**") and granted security interests to Rewards Network as to the Personal Property Collateral acquired by the Debtor following the Petition Date. Rewards Network is the only

3

Case 4:14-bk-01281-BMW   Doc 113   Filed 07/20/15   Entered 07/20/15 13:42:30   Desc
Main Document    Page 3 of 7

secured creditor in the Debtor's case to obtain a replacement lien in the postpetition assets of the Debtor.

13. After reasonable investigation, the Trustee believes Rewards Network has a valid and perfected, first position lien on the Personal Property Collateral.

14. CAN Capital Asset Servicing, Inc. f/k/a/ New Logic Business Loans, Inc. assignor WebBank ("**CAN Capital**"), is a junior secured creditor that asserts a lien and security interest in the Tangible Personal Property Collateral. CAN Capital did not obtain a replacment lien in the Debtor's bankruptcy case and the Trustee asserts that CAN Capital does not have a valid lien in any of the cash being held by the Trustee (or any other postpetition assets) because any such lien was cut-off by Bankruputcy Code 552.

15. Trustee asserts that there may be assets, claims and causes of action owned by the Estate which are not encumbered or perfected by either Rewards Network or CAN Capital, specifically including the following:

   a. Proceeds recovered by the Estate through avoidance of Chapter 5 avoidance actions ("**Chapter 5 Avoidance Claims**");
   b. Any and all other claims and interests not identified above as the Personal Property Collateral, which, along with the Avoidance Actions, shall be deemed "**Unencumbered Assets**". Unencumbered Assets also include assets and claims that have not been disclosed by the Debtor, <u>unless</u> Rewards Network and/or CAN Capital has/have valid and perfected security interests therein.

## II. AGREEMENT BETWEEN THE PARTIES

16. The Parties agree to the liquidation of the funds in the Bank of the West bank accounts and the payment of $30,000 to Rewards Network from its Cash Collateral and Bank of the West shall remit payment after the Court approves this Agreement and the balance of the funds shall be remitted to the Chapter 7 Trustee, subject to any alleged claim of any party. The Parties are also requesting approval of the liquidation of funds in the Bank of the West bank accounts in the OPB case and the payment of $36,000 to Rewards Network from the OPB bank accounts to fully satisfy all of Rewards Network's secured claim in the Debtor's and OPB's cases, with the balance shall be held by the Chapter 7 Trustee in the OPB case.

17. Trustee shall be entitled to calculate the Trustee's statutory fees under 11 U.S.C. §326 to

include all funds transferred to Rewards Network from the Bank of the West bank accounts.

18. The Trustee believes the settlement proposed in this Stipulated Application is appropriate after consideration of all circumstances.

19. The agreement set forth in this Stipulated Application constitutes the entire agreement of the Parties with regard to the subject matter hereof and will also be incorporated into a settlement agreement to be executed by the Parties upon approval of this Stipulated Application. There are no representations, promises, warranties, understandings, or agreements expressed or implied, oral or otherwise, in relation thereto, except those expressly referred to or set forth herein.

20. No promise, representation, warranty, or agreement made subsequent to the execution and delivery of this agreement by any party hereto, and no revocation, partial or otherwise, or change, amendment, or addition to, or alteration or modification of, this agreement shall be valid unless the same shall be in writing signed by the Trustee and Rewards Network and duly approved by the Court.

21. This Stipulated Application is a compromise. If it is not approved for any reason by the Court, then this agreement and all discussions in connection therewith shall be inadmissible in any legal proceeding. Further, all agreements set forth herein are expressly conditioned upon Court Approval.

**IV.    CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Parties respectfully request the Court to approve this Stipulated Application, subject to the Bankruptcy Court in the OPB case approving a similar Application and (1) authorizing Bank of the West to remit the payment to Rewards Network in the amount of $30,000 and (2) authorizing Bank of the West to remit the balance to the Chapter 7 Trustee.

RESPECTFULLY SUBMITTED this 20th day of July, 2015.

**LANE & NACH, P.C.**

By  /s/ Adam B. Nach – 013622
    Adam B. Nach
    Allison M. Lauritson
    *Attorneys for Trustee*

///

///

5

<pre>
                                    QUARLES & BRADY, LLP

                              By   /s/ Isaac M. Gabriel (*with permission*)
                                       Isaac M. Gabriel, Esq.
                                       Amy D. Sells, Esq.
                                       *Attorneys for Rewards Network
                                       Establishment Services, Inc.*
</pre>

COPY of the foregoing mailed to:

Bank of the West
Legal Compliance Department
180 Montgomery Street
San Francisco, CA 94104

COPY of the foregoing delivered via electronic notification to:

Isaac M. Gabriel, Esq.
Amy D. Sells, Esq.
QUARLES & BRADY, LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004-2391
Email: Isaac.gabriel@quarles.com
       Amy.sells@quarles.com
*Attorneys for Rewards Network Establishment Services, Inc.*

Gerald K. Smith
John C. Smith
Julia L.J. Matter
SMITH & SMITH LAW OFFICES, PLLC
6720 E. Camino Principal, Suite 203
Tucson, AZ 85715-3900
Email: gerald@smithandsmithpllc.com
       john@smithandsmithpllc.com
       julia@smithandsmithpllc.com
*Local Counsel for CAN Capital Asset Servicing, Inc. f/k/a NewLogic Business Loans, Inc.*

Alan S. Gerger
DUNN, NEAL & GERGER, LLP
3006 Brazos Street
Houston, TX 77006
Email: asgerger@dnglegal.com
*Attorneys for CAN Capital Asset Servicing, Inc.
 f/k/a NewLogic Business Loans, Inc.*

Steven D. Jerome
Jonathan M. Saffer
Jill H. Perrella
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, AZ 85701-1630

Email: sjerome@swlaw.com
jmsaffer@swlaw.com
jperrella@swlaw.com
*Attorneys for Western Alliance Bank, an Arizona corporation*

Scott D. Gibson
Law Office of Scott D. Gibson, PLLC
2329 N. Tucson Blvd.
Tucson, AZ 85716
Email: ecf@sdglaw.net
*Attorney for Debtor*

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Renee.S.Shamblin@usdoj.gov

By /s/ *Kesha M. Jennings*